UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JAMES GHAISAR, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Civil Action No. 1:18-cv-954 |
| | ) (TSE/MSN) |
| UNITED STATES OF AMERICA, et al., | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF THE UNITED STATES'
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and Local Rule 7(F)(1), Defendant, the United States, by and through undersigned counsel, submits this memorandum of law in support of its motion to dismiss Plaintiffs James, Kelara, and Negeen Ghaisar's ("Plaintiffs") complaint for lack of subject matter jurisdiction.

**INTRODUCTION**

According to the allegations of Plaintiffs' complaint, Bijan Ghaisar fled the scene of a traffic accident and then evaded the United States Park Police's attempt to stop his vehicle twice. After officers stopped Mr. Ghaisar a third time and Mr. Ghaisar attempted to drive away yet again, officers fired into his vehicle, ultimately killing him. A federal criminal investigation into these events remains ongoing at this time. Nevertheless, Plaintiffs – Mr. Ghaisar's parents and sister – brought this action against the United States asserting multiple variations of Virginia state tort claims for wrongful death under the Federal Tort Claims Act ("FTCA") (Counts 1 through 5) and asserting one constitutional tort claim for money damages under *Bivens v. Six*

1

*Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (Count 6).   Because Plaintiffs have not established that they are authorized by Virginia state law to bring any tort claims of wrongful death on behalf of Mr. Ghaisar, and because the United States has not waived sovereign immunity for *Bivens* claims, the United States respectfully requests that this action be dismissed against the United States in its entirety for lack of subject matter jurisdiction.

## FACTUAL BACKGROUND[1]

Plaintiffs allege that, on November 17, 2017, Bijan Ghaisar fled the scene of a traffic accident on George Washington Memorial Parkway in Virginia.   Compl. (Dkt. No. 1) ¶¶ 63-64.  After Mr. Ghaisar fled the scene of the accident, two United States Park Police officers began pursuing his vehicle.   *Id.* ¶ 3.   Mr. Ghaisar pulled his vehicle over, but when the Park Police officers reached his vehicle, he drove away, evading the police.   *Id*. ¶¶ 85-88.   The Park Police continued their pursuit until Mr. Ghaisar pulled over a second time, but when the officers reached his vehicle, Mr. Ghaisar again drove away, evading the police.   *Id*. ¶¶ 90-92.   The Park Police continued their pursuit until Mr. Ghaisar stopped a third time.   *Id*. ¶¶ 93-95.   When the officers again approached his window, Mr. Ghaisar began driving away yet again, at which point the officers fired into Mr. Ghaisar's vehicle, ultimately killing him.   *Id*. ¶¶ 14, 96-107.

Plaintiffs are Mr. Ghaisar's father, mother, and sister, *id*. ¶¶ 37, 39, 41.   Although they purport to bring this claim "on behalf of" Mr. Ghaisar, *see id*. at 1 (caption), Plaintiffs have neither alleged that they are authorized to serve as personal representatives for Mr. Ghaisar's estate for purposes of the Virginia Death by Wrongful Act Statute, codified at Virginia Code §

---

[1]   The United States accepts as true the well-pled factual allegations in Plaintiffs' complaint exclusively for purposes of this motion.

8.01-50, nor attached any documentary evidence of the same to their complaint. *See generally* Compl.

## STANDARD OF REVIEW

Federal district courts are courts of limited jurisdiction, possessing only the jurisdiction granted to them by the United States Constitution and by federal statute. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Strawn v. AT&T Mobility*, 530 F.3d 293, 296 (4th Cir. 2008). When a district court lacks subject matter jurisdiction over an action, the action must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506-07 (2006). When determining whether jurisdiction exists, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. . . ." *Richmond, Fredericksburg & Potomac Railroad Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A court should grant a motion to dismiss when "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Balfour Beatty Infrastructure, Inc. v. Mayor and City Council of Baltimore*, 855 F.3d 247, 251 (4th Cir. 2017).

## ARGUMENT

This Court lacks subject matter jurisdiction over all of Plaintiffs' claims against the United States. Plaintiffs' state tort claims – Counts 1 through 5 – must be dismissed because Plaintiffs have not established that each of them is an administrator of Mr. Ghaisar's estate authorized to bring any wrongful death action on his behalf. Plaintiffs thus have failed to establish that they have standing to bring the instant action. Moreover, Plaintiffs' *Bivens* claim

against the United States (Count 6) must be dismissed because the United States has not waived sovereign immunity on this claim.

### I. Plaintiffs' State Tort Claims (Counts 1 through 5) Must Be Dismissed for Lack of Standing under the Virginia Death by Wrongful Act Statute

Plaintiffs' state tort claims (Counts 1 through 5) must be dismissed in their entirety because Plaintiffs have failed to establish that they are authorized to file suit under the Virginia Death by Wrongful Act Statute. It is well established that the United States and its agencies enjoy sovereign immunity from suit unless Congress has explicitly abrogated such immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature." *Id.* "Indeed, the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* (alteration and quotation marks omitted); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Thus, where sovereign immunity bars a claim, the court lacks subject-matter jurisdiction and must dismiss that claim. *See, e.g.*, *Kramer v. United States*, 843 F. Supp. 1066, 1068 (E.D. Va. 1994) (dismissing FTCA claims due to lack of subject-matter jurisdiction).

The FTCA serves as a limited waiver of sovereign immunity only insofar as it allows the United States to be held liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government . . . *under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.*" 28 U.S.C. § 1346(b)(2) (emphasis added); *see also Suter v. United States*, 441 F.3d 306, 310 (4th Cir. 2006). Thus, under the FTCA, "the district courts' subject-matter jurisdiction is predicated upon the

sufficiency of plaintiff's claims under applicable state law," *J.A.M. ex rel. Montgomery v. United States*, No. 4:10-cv-18, 2011 WL 1304899, at *4 (E.D. Va. Mar. 11, 2011) (emphasis omitted).

Here, Plaintiffs assert that the purported torts against Mr. Ghaisar occurred in Virginia. *See* Compl. ¶ 18 (asserting the alleged events occurred on "George Washington Memorial Parkway and into Fairfax, Virginia"). Plaintiffs' state tort claims thus all arise under the Virginia Death by Wrongful Act Statute, which governs state tort actions regarding "the death of a person . . . caused by the wrongful act, neglect, or default of any person . . . ." Va. Code Ann. § 8.01-50(A). The Virginia Death by Wrongful Act Statute, however, only authorizes suit by a duly appointed "personal representative" of the decedent. *See id*. § 8.01-50(C). Because Plaintiffs have not established that any (much less all) of the named Plaintiffs has been appointed as the "personal representative" of Mr. Ghaisar's estate, Plaintiffs do not have standing to bring the instant action. *See Bradley v. Johnson & Johnson*, 2012 WL 1957812, at *2-3 (E.D. Va. May 30, 2012) (dismissing action for lack of subject matter jurisdiction because "Plaintiff fails to offer any other argument or evidence demonstrating that he has been properly qualified as a personal representative of the decedent's estate. He therefore lacks standing to bring this wrongful death action.").

The Virginia Supreme Court has made clear that "[a] wrongful death action is not an action 'personal to the personal representative,' rather the personal representative, as plaintiff, 'is merely a surrogate for the beneficiaries of the cause of action named in Code § 8.01-53.'" *Johnston Mem. Hosp. v. Bazemore*, 277 Va. 308, 312 (Va. 2009) (quoting *Horn v. Abernathy*, 231 Va. 228, 237 (Va. 1986)). To qualify as a personal representative, the plaintiff must be properly appointed administrator of the decedent's estate by a Virginia circuit court. *See Johnston*, 277 Va. at 312-15 (dismissing wrongful death action brought by decedent's wife

5

because she failed to be appointed as the administratrix of the estate prior to filing, despite the fact that she was the "real party in interest").  Virginia circuit courts are "court[s] of general jurisdiction regarding probate and the grant of administration of estates."  *Bolling v. D'Amato*, 259 Va. 299, 303 (Va. 2000) (citing Va. Code Ann. §§ 64.1-75, 64.1-116, 64.1-118, recodified at §§ 64.2-454, 64.2-500, 64.2-502).  A Virginia circuit court may appoint an administrator of the estate for all purposes, *see* Va. Code Ann. §§ 64.2-500 and 64.2-502, or alternatively, it may appoint an administrator of the estate exclusively for purposes of pursing "a civil action for personal injury or death by wrongful act . . . ."  *Id.* § 64.2-454.

Regardless of the provision under which an administrator is appointed, "a wrongful death action may *only* 'be brought by and in the name of the personal representative of such deceased person.'"  *See Johnston*, 277 Va. at 315 (emphasis added; quoting in Va. Code § 8.01-50(B), which has been recodified as subsection C); *see also Fowler v. Winchester Med. Ctr., Inc.*, 59 Va. Cir. 216, 2002 WL 31989093, at *2 (Va. Cir. 2002) ("The Virginia Code vests the right of action for a wrongful death in the 'personal representative,' and *only* the personal representative may file a wrongful death suit in Virginia." (emphasis added; internal quotations omitted)). Moreover, if a suit for wrongful death is filed by someone *other* than an administrator of the estate duly appointed by a circuit court, the Virginia Supreme Court has made clear that "the plaintiff lack[s] standing to bring th[e] wrongful death action for the reason that he [i]s not the personal representative of the decedent's estate."  *Bolling*, 259 Va. at 304; *see also Johnston*, 277 Va. at 315.

The mere fact that Plaintiffs are Mr. Ghaisar's relatives, and potentially his heirs, does not provide them with standing to file the instant action.  Indeed, in *Johnston*, the Virginia Supreme Court directly rejected this exact theory, explaining that the mere fact that a decedent's

wife was the "real party in interest" did not give her standing to file a wrongful death action because she had failed to be appointed as the administrator of the estate *prior* to filing suit. 277 Va. at 312-15. The court explained that "[s]ince Wanda Bazemore [the decedent's wife] had not qualified as the personal representative of her husband's estate when this wrongful death action was filed, the named plaintiff, which was not a legal entity at that time, lacked standing to file the action." *Id*. at 315.

Here, Plaintiffs have not established that any of them – much less each of them – has been appointed as the personal representative of Mr. Ghaisar's estate.[2] *See generally* Compl. Plaintiffs thus lack standing to bring any of the state tort causes of action alleged in their complaint. *See Johnston*, 277 Va. at 315. Moreover, because Plaintiffs lacked authority to file this suit, this defect may not be corrected by their appointment as administrators *after* filing suit. *See id*.; *see also Douglas v. Chesterfield Cnty Police Dep't*, 251 Va. 363, 367-68 (Va. 1996) (explaining that the plaintiff "did not qualify as personal representative until after she filed her federal action" and her later appointment as administrator "did not relate back and validate the filing of the federal action"). Thus, as Judge Cacheris explained, Plaintiffs lack of standing makes "this action a nullity . . . [that] cannot be cured by an amendment of the pleadings or by adding the proper plaintiff." *Bradley*, 2012 WL 1957812, at *3.

Similarly, although Plaintiffs have asserted that they satisfied the statutory prerequisite to filing a FTCA action prior to filing suit, *see* 28 U.S.C. § 2675(a), by presenting an administrative claim to the Department of the Interior, *see* Compl. ¶¶ 30-31, absent proper appointment as

---

[2] In an effort to avoid unnecessary motions practice, undersigned counsel recently contacted Plaintiffs' counsel prior to filing this motion and requested documentation that Plaintiffs had been appointed co-administrators of Mr. Ghaisar's estate, at least for purposes of this wrongful death action under Va. Code Ann. § 64.2-454. As of the time of this filing, undersigned counsel has not received any such documentation.

administrators of Mr. Ghaisar's estate, Plaintiffs cannot establish that they had legal authority to file that claim. Thus, just as this action is "a nullity" with no legal effect, *Bradley*, 2012 WL 1957812, at *3, so too is Plaintiffs' administrative claim.

It is well established that the FTCA's requirement that a claimant present an administrative claim with the appropriate agency prior to filing suit is necessary predicate to the United States' waiver of sovereign immunity such that the failure to present a proper administrative remedy deprives a court of subject matter jurisdiction. *See* 28 U.S.C. § 2675(a). Section 2675(a) provides:

> An action *shall not be instituted* upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant at any time thereafter be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added); *see also McNeil v. United States*, 508 U.S. 106, 110-11 (1993) (requiring dismissal for failure to exhaust administrative remedies); *United States v. Plyler*, 900 F.2d 41, 42-43 (4th Cir. 1990) (same); *Patock v. Fox News Channel, et al.*, 2012 WL 695892, at *3 (E.D. Va. 2012) (same). As this Court has explained, "[b]ecause 'the requirement of filing an administrative claim is jurisdictional and may not be waived,' [a] plaintiff's failure to exhaust his administrative remedies requires dismissal without prejudice for lack of subject matter jurisdiction." *Bloch v. Executive Office of the President*, 164 F. Supp. 3d 841, 861 (E.D. Va. 2016) (Ellis, J.) (quoting *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000)). Because Plaintiffs have not established that they had legal authority to submit the administrative

claim, they also have not established that they have presented a proper administrative claim, thus requiring dismissal of this action.³

As such, all of Plaintiffs' state tort claims – Counts One through Five – must be dismissed for lack of subject matter jurisdiction both because Plaintiffs lacked standing to file the instant action and because Plaintiffs lacked standing to present the administrative claim and the proper legal entity entitled to bring this action thus has failed to exhaust administrative remedies prior to filing this suit.

## II. Plaintiffs' *Bivens* Claim (Count 6) Must Be Dismissed Because the United States Has Not Waived Sovereign Immunity for Constitutional Claims for Money Damages

Plaintiffs' final claim against the United States, asserting a Fourth Amendment *Bivens* cause of action, also must be dismissed for lack of subject matter jurisdiction. Although Plaintiffs have named (but not served) a number of unidentified individuals in addition to the United States as defendants in this action, Plaintiffs made clear that their *Bivens* claim was asserted "against *all* Defendants" and thus against the United States. Compl. ¶ 203 (emphasis added). But, the Supreme Court has made pellucidly clear that the United States has not waived sovereign immunity for *Bivens* claims. *See Meyer*, 510 U.S. at 486 ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself[; w]e therefore hold that Meyer had no *Bivens* cause of action against [a federal agency]."). Similarly, the Fourth Circuit has explained that "*Bivens* did not abolish the doctrine of sovereign immunity of the United States." *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996). Instead, "[a]ny remedy under *Bivens* is against the federal officials individually, not the federal government."

---

³ Dismissal of this action does not deprive the proper legal entity of recourse. Plaintiffs assert that the events giving rise to this action occurred on November 17, 2017, *see* Compl. ¶ 2, and 28 U.S.C. § 2401(b) affords a properly appointed administrator of the estate two years to file an administrative claim.

*Id.*; *see also Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002) (same). As such, because Plaintiffs do not – and cannot – identify any valid waiver of sovereign immunity for their constitutional claim against the United States, Count 6 also must be dismissed against the United States for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that Plaintiffs' complaint be dismissed in its entirety against the United States.

                              Respectfully submitted,

                              G. ZACHARY TERWILLIGER
                              UNITED STATES ATTORNEY

By:       /s/
                              DENNIS C. BARGHAAN, JR.
                              Deputy Chief, Civil Division
                              Assistant U.S. Attorney
                              KIMERE J. KIMBALL
                              Assistant U.S. Attorney
                              2100 Jamieson Avenue
                              Alexandria, Virginia 22314
                              Telephone:   (703) 299-3891/3763
                              Fax:            (703) 299-3983
                              Email:         dennis.barghaan@usdoj.gov
                              Email:         kimere.kimball@usdoj.gov

DATE:     October 2, 2018        ATTORNEYS FOR THE UNITED STATES

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I filed the foregoing via the CM/ECF system, which will send a Notification of Electronic Filing to the following:

Stephen Arthur Fredley
Thomas Gerard Connolly
HARRIS WILTSHIRE & GRANNIS LLP
sfredley@hwglaw.com
tconnolly@hwglaw.com

/s/
KIMERE J. KIMBALL
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3763
Fax: (703) 299-3983
Email: kimere.kimball@usdoj.gov

ATTORNEY FOR THE UNITED STATES

DATE: October 2, 2018